M. SMITH, Circuit Judge,
dissenting:
I would hold that the district court properly affirmed the Commissioner of Social Security’s final decision denying Jimmie Evans’s application for social security disability insurance benefits. I address each of the majority’s points in order.
1. The Administrative Law Judge did not err in rejecting the opinions of Dr. Bogart and Dr. Villaneuva. Dr. Bogart’s opinion was based in part on Evans’s self-reporting, which the ALJ found non-credible. An ALJ may appropriately reject a physician’s opinion that is based on a claimant’s non-credible subjective complaints. Thomas v. Barnhart, 278 F.3d 947, 957 (2002). Further, the ALJ’s opin *598 ion pointed to specific and legitimate conflicting clinical evidence when rejecting Dr. Bogart’s opinion. The ALJ noted that Dr. Bogart’s assessment of a “marked” impairment in social functioning was contradicted by his own notes showing that Evans was doing well at community college. Further, contrary to the majority’s assessment, the ALJ did not reject the opinion of Dr. Bogart outright, it specifically considered Dr. Bogart’s opinion insofar as it was supported by the record, in relation to Evans’ interpersonal difficulties.
The majority also concluded that the ALJ erred by rejecting the opinion of Dr. Villaneuva. Dr. Villaneuva concluded that Evans had “marked” limitations. The ALJ noted that Dr. Villaneuva’s GAF analysis (60) and his finding of “markedly impaired” memory were contradictory. A GAF assessment of 60 indicates only moderate limitations, not “marked limitations.” An ALJ may cite internal inconsistencies in evaluating a medical source statement. Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir.2005). This inference was reasonably drawn and sufficiently specific.
2.The majority argues that the post-hearing evidence was material because it described a twelve-day stay in the intensive care unit related to his diabetes from 7/16/04-7/28/04. The administrative hearing was held 3/24/04, four months prior to this hospital stay. Evans’s diabetes was not a significant issue at the hearing. While post-hearing evidence can be material if there is a reasonable possibility that the new evidence would have changed the outcome of the ALJ hearing, when the evidence relates to events or diagnoses that occurred after the hearing, it is immaterial. Mayes v. Massanari, 276 F.3d 453, 462 (9th Cir.2001). I would find that the post-hearing evidence does not require this Court to overturn the ALJ’s decision.
3. As the majority states, an ALJ may discount lay testimony if it conflicts with medical evidence. Lewis v. Apfel, 236 F.3d 503, 511 (9th Cir.2001). An ALJ may not reject lay testimony without explanation, but may reject the testimony if it is inconsistent with the medical evidence. Nguyen v. Chater, 100 F.3d 1462, 1467 (9th Cir.1996). Here, the ALJ did not discount all of Ms. Smith’s testimony; he just found it inconsistent. The majority argues that the ALJ did not take into consideration Evans’s arthritis and elbow surgery. In fact, the ALJ noted that while Ms. Smith testified regarding Evan’s hand/elbow pain, this testimony was inconsistent with evidence of Evans driving, working on his car, and completing community college classes successfully (which entailed significant writing). I would find that the ALJ clearly articulated “arguably germane reasons” for dismissing Ms. Smith’s testimony, as required by our circuit. Lewis, 236 F.3d at 512.
4. Finally, I would find that the ALJ properly determined Evan’s residual function capacity. The majority argues that “the hypothetical posed to the to the vocational expert was faulty because it did not include all of Evan’s limitations.” Majority Disposition at 597. Under our circuit’s law, there is no requirement that the hypothetical contains all potential limitations if they are not supported by the record. Osenbrock v. Apfel, 240 F.3d 1157, 1164-65 (9th Cir.2001)(an ALJ can accept or reject limitations in a hypothetical when they are not supported by substantial evidence). The hypothetical given by the ALJ contained reasonable limitations, supported by the record.
For the foregoing reasons, I would affirm the district court.